PER CURIAM.
R.A., a juvenile, entered a plea of nolo contendere to armed burglary. The trial court withheld adjudication and sentenced him to community control, imposing thirty days of home detention as a special condition. The trial court denied R.A.’s subsequent request to revoke home detention. R.A. now petitions this court for a Writ of Habeas Corpus.
Section 985.03(13), Florida Statutes (1999), provides that “[c]ommunity control is an individualized program in which the freedom of the child is limited and the child is restricted to noninstitutional quarters or restricted to the child’s home in lieu of commitment to the custody of the Department of Juvenile Justice.” Once the court determines not to adjudicate and commit to the Department of Juvenile Justice, it shall determine the appropriate community based sanctions, which “may include, but are not limited to, participation in substance abuse treatment, restitution in money or in kind, a curfew, revocation or suspension of the driver’s license of the child, community service, and appropriate educational programs as determined by the district school board.” *1116 See § 985.23(4), Fla. Stat. (1999). Based upon the forgoing, it is clear that the trial court’s sentence was wholly appropriate in this case. Therefore, the Petition for Writ of Habeas Corpus is denied.